[No. 2794.   Decided February 26, 1898.]

## F. J. SELBER, *Respondent*, v. SPRINGBROOK TROUT FARM, *Appellant*.

EVIDENCE — ADMISSIONS — SUFFICIENCY OF EVIDENCE.

In an action to recover for the value of labor performed for defendant, it is competent for plaintiff to introduce in evidence a memorandum of time kept under the direction of defendant's foreman, as an admission on the part of the defendant supporting plaintiff's claim.

The appellate court will not disturb the verdict, where the testimony is conflicting, and there is evidence of a substantial character sustaining the verdict, especially after a motion for a new trial has been presented to the lower court and denied.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.  Affirmed.

*W. H. White*, for appellant.

*W. L. Beddow*, and *Byers & Byers*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent commenced an action against appellant in the superior court of King county, alleging that he did work and labor at the request of appellant, and alleging the reasonable value thereof;   and also that he sold and delivered goods, alleging the reasonable value of

the same; and also that Jane Selber, his wife, performed work and labor for the appellant at its request, of a certain reasonable value, and that such claim was assigned to respondent; and that his son, George Selber, a minor, performed work and labor for the appellant at its request, stating the value of the same, and that it was assigned to respondent. Appellant in its answer denied that the services of respondent were worth the amount alleged in the complaint or any greater sum than had been paid; alleged the payment; denied that Jane Selber or George Selber performed work and labor for it at its request; and alleged that a contract had been entered into between appellant and respondent by which the respondent was to work for appellant for his board, and that Jane Selber should do the cooking for the men employed by appellant in consideration for board and lodging furnished respondent's family by appellant.

There are two assignments of error: First, that the court erred in admitting as evidence against appellant's objection respondent's exhibit A, which was a statement of a portion of time that respondent worked for appellant; and, second, that the verdict of the jury was against the weight of evidence and that the evidence was insufficient to justify the verdict. While respondent was testifying in his own behalf he was handed the paper, exhibit A, and testified that it was a statement of time kept under the direction of the foreman or general manager of appellant and purported to be respondent's time. Respondent stated that this time was kept by authority of the foreman. It is sufficient to dispose of this assignment to say that from the witness's statement this paper was received as an admission of the appellant, i. e., as it was made by one having authority from the appellant to keep such a memorandum, it could be received as a part of the respondent's case. The second

assignment, that the evidence was insufficient to justify the verdict, has been examined in connection with the evidence brought here in the transcript. The respondent and his wife testified that they were engaged by the general manager of appellant to perform work and labor on the Springbrook Trout Farm. The respondent testified relative to wages as follows:

"Q.—What, if anything, was said in regard to what compensation you should receive for your wages?

"A.—No, sir; there was no real wages stated. He said that he was always paying the best going wages, and he never had a man to work for him but what was willing to come back and work for him again."

Respondent and his wife testified to the reasonable value of the work and labor performed for appellant. Several witnesses, including the manager of appellant, contradicted some of the statements of respondent and his wife, and especially endeavored to show that they were to receive nothing more than their board. But there was a well defined conflict in the evidence submitted to the jury, and we think it falls fairly within the rule that the appellate court will not disturb the verdict where testimony is conflicting and there is evidence of a substantial character sustaining the verdict, especially after a motion for a new trial has been presented to the superior court and denied.

The judgment of the superior court must be affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.